JUSTICE O’MALLEY, specially concurring: I concur with the opinion of the majority. The opinion, however, relies to some extent on this court’s opinion in People v. Anderson, 352 Ill. App. 3d 934 (2004), which held that the trial court could not summarily dismiss a section 2 — 1401 petition, without notifying defendant, even though that court was cognizant of fatal flaws in the petition. However, the Anderson court did affirm the summary dismissal by the trial court in that case. Nonetheless, the holding reflected that the court erred in failing to follow notification procedures, albeit the error was harmless where defendant’s petition was completely without merit. Anderson, 352 Ill. App. 3d at 946-47. I wrote a concurrence in Anderson expressing my opinion that while I agreed with the outcome, it was my view that no error, harmless or otherwise, occurred in the court below. I continue to believe that if the appellate court is capable of recognizing that defendant’s petition is fatally flawed and not amendable to successful amendment, there is no reason that the trial court cannot be trusted to do the same without useless procedural machinations. This view was also expressed by Justice Wolfson in Owens v. Snyder, 349 Ill. App. 3d 35, 41 (2004), cited in the majority opinion as well.